**AMEX ASSURANCE COMPANY, Plaintiff,**

v.

**Cristina CARPIDES, Estate of William G. Carpides, Estate of Gabriella M. Carpides, Defendants.**

**No. 99 Civ. 3577 CBM.**

United States District Court, S.D. New York.

Dec. 18, 2000.

Charles Locke, Locke & Herbert, NY, NY, for Plaintiff Amex Assurance Co.

Gary Rubin, Mazur Carp & Rubin, NY, NY, for Defendant Cristina Caripides.

Allen Wasserman, Owen & Davis PC, NY, NY, for Defendant Estates.

Helen Agabides, Chadds Ford, PA, Appearing pro se.

Rita Catar, c/o Stefan Reznick, Massapequa, NY, Appearing pro se.

Ted Caripides, Thornhurst, PA, Appearing pro se.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

This is an interpleader action involving a dispute over the proceeds from travel and flight insurance policies. Amex Assurance Company commenced this interpleader action pursuant to 28 U.S.C. § 1335 in order for this court to determine the rightful beneficiaries of insurance policies purchased by husband and wife, William and Gabriella Caripides, for a flight on board Swiss Air flight 111 which crashed in Nova Scotia, Canada on September 2, 1998, and in which William and Gabriella Caripides died. Each of the deceased owned two insurance policies: American Express Travel Related Services Accidental Death Travel Policy for $100,000 and two automatic flight insurance policies for $1 million each. The couple's adopted daughter, Cristina Caripides (Cristina) has submitted a stipulation (discussed below) regarding the two $100,000 policies. She also, however, maintains that she has an interest in the two $1 million policies.

The original interpleaded defendants are Cristina and the estates of her late parents William and Gabriella Caripides (the Estates). In addition, Helen Agabides and Ted Caripides, two siblings of William, and liaisons to a half-sister apparently still living in Russia, have filed as pro se claimants in the action (the siblings). One Stefan Reznic has sent the court a notice of pro se appearance on behalf of Gabriella's mother, Rita Catar. However, this notice is not recorded as having been filed.

This interpleader action was commenced in May of 1999. Cristina filed a motion to dismiss under FRCP 12(b)(6) in August of 1999 which was denied by Judge Batts of this court as premature and nonresponsive. Amex has deposited the relevant $200,000 and the two million dollars with the Clerk of the Court (the Court Registry Investment System (CRIS)).

Ted Caripides has been acting as spokesperson for himself and Helen Agabides, while Stefan Reznic, a non-lawyer, has been representing Rita Catar. The court has suggested several times on the record that these parties obtain counsel and has even offered to appoint counsel. Ted Caripides had insisted that the siblings preferred to proceed pro se, citing his confidence in the court's fair reading of the insurance provision. The siblings now appear to have changed their minds and have asked for appointed counsel.

After the pre-trial conference on November 2, 2000, this court indicated in the scheduling order that "the court will appoint an attorney or attorneys to represent the present pro se claimants and any other possible claimants." After the conference, however, the court appointed Alex Chernoff of Chernoff Diamond, a non-lawyer, as an insurance expert, to advise the court in this matter, as to whom the proceeds of the two one million dollar policies should go. The court then sent Mr. Chernoff a letter verifying his appointment as an expert and sent a copy of same to each claimant. The letter advised each claimant that he or she could also appoint an expert.

Mr. Chernoff's report, together with a statement of his qualifications as an insurance expert, will be due January 31, 2001. The attorneys for Cristina and the Estates have submitted a stipulation whereby the proceeds of the two $100,000 policies will be distributed to Cristina. Although these proceeds are pursuant to policies (unlike the $1 million policies) which on initial inspection do seem to grant the money to Cristina, the attorneys involved did not, apparently, bother to include the pro se claimants in their settlement negotiations and the pro se claimants have not signed

the stipulation. In addition, Ted Caripides has objected to the stipulation in a letter to the court. Therefore, the court will not so order the stipulation at this time. Mr. Chernoff's authority is expanded to include the claims of Cristina to the two $100,000 policies.

Reports from experts employed by any claimant will be due April 30, 2001. The next pre-trial conference will be May 31, 2001.

Pro se claimant Ted Caripides has now informed the court that he and his sister, Helen Agabides, have changed their minds and would like the court to appoint or recommend counsel. Ted Caripides contacted the court by phone with his request. He was instructed to write the court with any requests, and to contact the pro se office for assistance in filing *in forma pauperis*. The court is authorized to appoint counsel only for those claimants who first file the required affidavit of indigency. In the absence of such a filing, all claimants are referred to the Legal Reference Service of the Association of the Bar of the City of New York at:

42 West 44th Street
New York, N.Y. 10036
(212) 626–7373.

**SO ORDERED.**